```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


TAIWAN DAVIDSON CAMERON,       )
                               )
     Petitioner,               )
                               )
           v.                  )    CRIMINAL NO. 1:06cr343
                               )    CIVIL NO. 1:07cv1268
UNITED STATES OF AMERICA,      )
                               )
     Respondent.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, the Court will deny the Motion.

### **I. Background**

On August 3, 2006, Petitioner Taiwan Davidson Cameron ("Petitioner") was charged with one count of conspiracy to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1).  The indictment further required Petitioner to forfeit any drug related assets pursuant to 21 U.S.C. § 853(a).  According to the indictment, Petitioner knowingly and intentionally conspired with other persons to distribute cocaine in the Eastern District of Virginia during the period from 2000 to in or about November 2001.  On October 4, 2006, Petitioner pled guilty to the drug conspiracy charge.

1

Subsequently, on December 21, 2006, this Court sentenced Petitioner to one hundred forty (140) months of imprisonment and five (5) years of supervised release.  In addition, the Court imposed several special conditions of supervised release, including the condition that Petitioner "register with the state sex offender registration agency in any state where [he] resides, is employed, vacationing, or a student, if applicable, and if directed by the probation officer."  *See* Judgment, Dkt. No. 12, at 5.  This special condition was based on Petitioner's 2003 California state conviction for sex with a minor, for which Petitioner was sentenced to three (3) years in California state prison.  *See* Presentence Report, Ex. 3 to Government's Resp. and Opp'n at ¶ 34.

On December 18, 2007, Petitioner filed the instant 28 U.S.C. § 2255 Motion, asserting two claims.  First, Petitioner argues that this Court abused its discretion in requiring him to register as a sex offender as a special condition of his supervised release.  Second, Petitioner argues that his counsel, Drewry B. Hutcheson, Jr. ("Mr. Hutcheson"), provided ineffective assistance by failing to appeal the Court's imposition of that special condition as requested by Petitioner.  This Motion is currently before the Court.

**II.  Standard of Review**

Under 28 U.S.C. § 2255, a prisoner in federal custody

may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

To succeed on a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must satisfy the two-pronged test established by the Supreme Court in *Strickland v. Washington*.  466 U.S. 668, 687 (1984); *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996).  Under the *Strickland* test, a petitioner must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland,* 466 U.S. at 687-94.  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails.  *Id.* at 700.  Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the

3

other prong. *Id.* at 697; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992)("If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong.").

### III.  Analysis

#### A. Petitioner's Abuse of Discretion Claim

Petitioner's contention that the district court abused its discretion by requiring him to register as a sex offender rests on two grounds.  First, Petitioner argues that because his underlying conviction was for a non-sex related crime, and because he has not engaged in any other "recidivist actions" since the 2003 California conviction, requiring his registration as a sex offender was not reasonably related to the sentencing factors listed in 18 U.S.C. §§ 3553(a)(1)-(2).  Second, Petitioner argues that because he is not required to register as a sex offender under the California Penal Code, the Court's judgment constituted a violation of the Tenth Amendment of the U.S. Constitution.  The Court will address each argument in turn.

##### 1) Reasonably Related to Sentencing Factors

Pursuant to 18 U.S.C. § 3583(d), a district court has the authority to impose any condition of supervised release that it considers to be appropriate, provided that such condition is: (1) "reasonably related" to the sentencing factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)©, and (a)(2)(D); (2)

4

involves "no greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes set forth in section 3553(a)(2)(B), (a)(2)©, and (a)(2)(D); and (3) is consistent with relevant Sentencing Commission policy statements. 18 U.S.C. § 3583(d).  The sentencing factors to which conditions of supervised release must be reasonably related are set forth in Section 5D1.3(b)(1) of the United States Sentencing Guidelines, and include:

> (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; © the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

U.S.S.G. § 5D1.3(b)(1).

Courts have held that requiring a defendant previously convicted of a sex offense to register as a sex offender as part of his supervised release for a non-sex related crime is within the district court's authority.  *See, e.g., United States v. Talbert*, 501 F.3d 449, 452 (5th Cir. 2007)(finding that the district court did not err in requiring, as a condition of supervised release, that a defendant convicted of firearm possession register as a sex offender in accordance with state law on the basis of two prior state convictions for sex-related offenses); *United States v. Rosario*, 386 F.3d 166, 171-72 (2d

5

Cir. 2004)(affirming a special condition requiring the defendant, who had previously been convicted of sexually abusing a child, to register as a sex offender where applicable following the defendant's conviction for a drug-related offense).  As the Second Circuit held in *United States v. Dupes*, 513 F.3d 338 (2d Cir. 2008), requiring previously-convicted sex offenders to register as a special condition of supervised release for a non-sex related offense is reasonably related to their history and characteristics as sex offenders and to the public's need for protection from them.  *Id.* at 344.  The Court therefore finds that it did not abuse its discretion in requiring Petitioner to register as a sex offender as a condition of supervised release for his drug-related conviction and will deny Petitioner's claim.

### 2) Violation of the Tenth Amendment

Petitioner argues that requiring him to register as a sex offender even though registration is not required under California law violates state sovereignty and the principles of federalism inherent in the Tenth Amendment of the U.S. Constitution.  The written judgment of conviction, however, clearly states that Petitioner is only required to "register with the state sex offender registration agency in any state where the defendant resides, is employed, vacationing, or a student, *if applicable*, and if directed by the probation officer."  See Judgment, Dkt. No. 12, at 5 (emphasis added).  The use of the

6

phrase "if applicable" alleviates any Tenth Amendment concerns because it means that Petitioner is only required to meet any state-imposed obligations to register and need not undertake any additional obligations beyond what state law would require. *See Rosario*, 386 F.3d at 171-72. In other words, "[i]f a state has no sex offender registration agency," the condition at issue here "would not require that state to set one up just for [Petitioner]." *Dupes*, 513 F.3d at 345. Thus, the Court finds that the special condition does not violate the Tenth Amendment and will deny Petitioner's claim.

### B. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner further argues that he is entitled to relief under 28 U.S.C. § 2255 because his attorney, Mr. Hutcheson, provided ineffective assistance by failing to file an appeal – despite Petitioner's requests – challenging the Court's imposition of the special condition requiring sex offender registration. It is well established that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)("We have long held that a lawyer who disregards specific instructions from the defendant to

7

file a notice of appeal acts in a manner that is professionally unreasonable.").

While Petitioner raises this issue in his § 2255 Motion, he dedicates only one sentence to it, and in his Memorandum in Support of his § 2255 Motion makes no mention of this claim at all.  By contrast, attached to the Government's Response and Opposition is a detailed affidavit from Mr. Hutcheson describing his conduct during sentencing and related subsequent events.  According to Mr. Hutcheson, when the Court imposed its requirement of sex offender registration at Petitioner's sentencing, Mr. Hutcheson immediately asked the Court to reconsider its decision, which the Court rejected.  Aff. of Drewry B. Hutcheson, Jr. ("Hutcheson Aff."), Ex. 6 to Government's Resp. and Opp'n at ¶ 1.  The transcript of Petitioner's sentencing confirms this assertion.  Sentencing Hr'g Tr. 6, Dec. 21, 2006.  In addition, Mr. Hutcheson claims, contrary to Petitioner's allegation, that Petitioner never requested that he appeal the special condition.  Hutcheson Aff. at ¶ 2.

On January 19, 2007, Petitioner's wife faxed to Mr. Hutcheson documents and transcripts relating to Petitioner's California conviction for sex with a minor.  *Id.* at ¶ 3.  However, given that Petitioner was sentenced on December 21, 2006, Mr. Hutcheson received this information after the deadlines

for filing an appeal and for filing for a reconsideration had expired.  Due to the expiration of these deadlines, Mr. Hutcheson advised Petitioner and his wife to ask the Court to reconsider the special condition requiring registration as a sex offender as part of Petitioner's response to the Government's anticipated Rule 35 motion for a downward departure.  During the Rule 35 process, however, Petitioner became unhappy with the amount of time he was to receive, dismissed Mr. Hutcheson, and retained another attorney.  *Id.* at ¶¶ 5-6.

The facts before the Court indicate that Petitioner did not ask Mr. Hutcheson to appeal the special condition, that Mr. Hutcheson did not receive information that would have been valuable to an appeal until after the deadlines for appeal had passed, and that, once Mr. Hutcheson received this information, he counseled Petitioner to ask the Court to revoke the special condition as part of Petitioner's response to the Government's anticipated Rule 35 motion.  Based on these facts, and in light of Petitioner's failure to provide any details surrounding Mr. Hutcheson's representation, the Court finds that Petitioner has failed to make a sufficient showing that Mr. Hutcheson's representation fell short of an objective standard of reasonableness.  Consequently, Petitioner's claim of ineffective assistance of counsel is meritless and will be denied.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed.  An appropriate Order will issue.


May 5, 2008  
Alexandria, Virginia

／s／
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE